### OSWELL CANNAN v. THE STATE.

#### No. 2602.    Decided October 15, 1913.

**Local Option—Charge of Court—Burden of Proof—Intoxicating Liquors—Beer.**

Where, upon trial of a violation of the local option law, the court charged that the burden of proof shifted to defendant, after the State had proved beyond a reasonable doubt that beer was sold, to prove that such beer was not intoxicating, the same was reversible error.

Appeal from the County Court of Brazoria.    Tried below before the. Hon. J. W. Munson.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*Masterson & Rucks* and *W. T. Williams,* for appellant.—On question of court's charge: Jones v. State, 156 S. W. Rep., 1191.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was prosecuted and convicted of violating the local option law.

Jim Booth and Glen Hanna testified that appellant sold beer to Jim Booth; that the beer was intoxicating.

Appellant virtually admits selling a malt drink to Booth, but says it was a non-intoxicating drink. E. P. Hoefle testified that the beverage sold had a different effect and taste from such beers as Budweiser, Schlitz, Blue Ribbon, Pabst or any other beer sold in saloons. That it was a malt beverage of very low grade and would not intoxicate. This, in substance, was also the testimony of J. C. Fredericks and R. E. L. Stringfellow.    It is thus seen that the only issue to determine was

whether or not the beverage sold was an intoxicant. The court charged the jury:

"You are further charged that the burden of proof is on the State, in the first instance, to prove beyond a reasonable doubt that beer was sold, if any, as alleged in the information in this case, after which the burden of proof shifts to the defendant, and it then devolves upon the defendant to prove that such beer so sold, if any, was not intoxicating."

This is not the law. The burden of proof was on the State to prove beyond a reasonable doubt that the beverage sold would produce intoxication, and the court committed material error in instructing the jury that the burden of proof was on defendant to prove that the beer sold was not intoxicating.

There are a number of other grounds in the motion for new trial, but there was no error committed in admitting and rejecting testimony, and the charge of the court, together with the special charges given, sufficiently presented the case, except that the burden of proving that the beverage sold was not intoxicating was erroneously placed on defendant.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*